IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CASH,**

      **Plaintiff,**

**v.**                                            **Civil Action Number:** 2:21-cv-00160

**LIEUTENANT PAYNE.**

      **Defendant.**

## COMPLAINT

Comes now the Plaintiff, Michael Cash, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendant, states as follows:

1. Plaintiff, Michael Cash (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at South Central Regional Jail. Plaintiff is no longer incarcerated and currently resides in Huntington, West Virginia.

2. Defendant is employed by the West Virginia Division of Correction and Rehabilitation (hereinafter "WVDOCR"), is a correctional institution funded, in whole or part, by the State of West Virginia and was formerly known as the West Virginia Regional Jail Correctional Facility Authority. The WVDOCR's principle or central office is located in Charleston, Kanawha County, West Virginia.  The WVDOCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendant Lieutenant Payne was employed by the West Virginia Division of Corrections and Rehabilitation as a correctional officer at South Central Regional Jail and used excessive force against the Plaintiff.  Defendant is being sued in his individual capacity.  The attack occurred on March 12, 2019. All events occurred in Kanawha County, West Virginia.

4. The reckless, willful and intentional acts and omissions of the defendant directly

resulted in plaintiff being injured.  Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein. Plaintiff is not asserting a 42 U.S.C. § 1983 claim against the WVDOCR.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. At all times relevant herein, Plaintiff was an inmate at South Central Regional Jail.

8. On March 12, 2019, the correctional officers and employees at South Central Regional Jail believed there was a gas leak. Plaintiff observed correctional officers running up and down the hall with gas masks on. Eventually Lieutenant Payne came to Plaintiff's section and rolled all of the doors. Lt. Payne told the inmates there was a gas leak and to go to the recreation yard as fast as they could. Plaintiff and the other inmates from his section proceeded to the recreation yard. Plaintiff and about four other inmates were standing near the door to the recreation yard asking Lieutenant Payne and two other officers about what was going on. Lieutenant Payne told the inmates there was a gas leak, but the inmates needed to move away from the recreation yard door. At this time one of the other inmates began to ask another question and Lieutenant Payne sprayed all of them with Oleoresin Capsicum ("O.C.") spray.

9. Defendant, without any just cause, used excessive force against plaintiff by spraying Plaintiff with O.C. spray.  Plaintiff suffered burning eyes, shortness of breath and burning of his skin. Plaintiff became unconscious from the O.C. spray and was taken to CAMC General Hospital in order to treat his injuries.

10. Defendant's conduct, carried out under the color of state law, violated WVDOCR's policy and procedure which addresses the duty to protect inmates from harm as well as the use of

force policy adopted by the WVDOC. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendant and at no time did plaintiff threaten the defendant.

## COUNT I - VIOLATION OF 42 USC §1983

11.     Plaintiff realleges and incorporates paragraphs 1 through 10 above as if fully set forth herein.

12.     Defendant Payne sprayed Plaintiff with O.C. spray without any just cause. Moreover, at no time did Plaintiff fail to comply with Defendant's orders but was still sprayed without any warning. This conduct was unwarranted, unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and was carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendant knew that such conduct was unwarranted and punitive in nature. Defendant Payne's use of O.C. spray without any warning, effort to temper, or just cause demonstrates defendant's malicious intent.

13.     The use of O.C. spray against Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity, as well as cruel and unusual punishment. Defendant's use of O.C. spray against Plaintiff was excessive force and is cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendant receive training that identifies such conduct as a constitutional violation of an inmate's rights. As such, the Defendant would have known that his conduct was a violation of Plaintiff's constitutional rights.

14.     The conduct of Defendant was so egregious and outrageous, so as to constitute an

abuse of power in violation of Plaintiff's right to be free from excessive force under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights.

15. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff suffered burning eyes, shortness of breath and burning of his skin. Plaintiff became unconscious from the O.C. spray and was taken to CAMC General Hospital in order to treat his injuries. Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's conduct and is therefore entitled to compensatory damages as well as punitive damages against defendant as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant and requests that the Court award damages including, but not limited to, physical injury, damages for emotional and mental distress, punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff does not seek punitive damages from the state agency.

PLAINTIFF DEMANDS A TRIAL BY JURY.

        MICHAEL CASH,
        By Counsel,

        /s/ Paul Stroebel
        Paul E. Stroebel, Esquire (WV BAR 13269)
        Stroebel & Stroebel, P.L.L.C.
        P.O. Box 2582
        Charleston, WV 25329